# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42926

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 658 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 16, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RONALD WAYNE PORTER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified sentence of ten years with three years determinate for failure to register as a sex offender, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Ronald Wayne Porter pled guilty to failure to register as a sex offender. Idaho Code §§ 18-8309, 18-8311. The district court sentenced Porter to a unified term of ten years with three years determinate. Porter filed an Idaho Criminal Rule 35 motion, which the district court denied. Porter appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying his I.C.R. 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.

1

*See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Porter's Rule 35 motion.  A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73.  Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Porter's judgment of conviction and sentence, and the district court's order denying Porter's Rule 35 motion, are affirmed.